**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELMER E. HERNANDEZ-TOVAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70469

Agency No. A208-896-910

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023[**]
Pasadena, California

Before:  KLEINFELD, HURWITZ, and R. NELSON, Circuit Judges.

Elmer Hernandez-Tovar petitions for review of the Board of Immigration

Appeals's decision affirming the immigration judge's denials of his applications

for asylum and withholding of removal.  We have jurisdiction pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252(a)(1).  The Board conducted its own review of evidence and law, so we review its decision.  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  We deny the petition.

The Board correctly decided that the threats Hernandez-Tovar received did not rise to the level of past persecution.[1]  Under our precedent, "[t]hreats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal quotation marks and citation omitted).  Although the immigration judge found Hernandez-Tovar's account of the threats credible, he did not claim to have experienced actual suffering or harm as a result of the threats.  His case, therefore, does not fall within the small category sufficient to establish past persecution.

Substantial evidence supports the agency's factual determination that Hernandez-Tovar failed to establish a nexus between his fear of future persecution and his religious belief.  *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir.

---

[1]  We do not decide whether the Board's determination is subject to de novo or substantial-evidence review, because it passes both standards.  *Cf.* Singh v. Garland, 57 F.4th 643, 652 (9th Cir. 2022) ("[W]e need not address whether de novo review should apply, or discuss the nuances of the two standards, because the harm Singh suffered rose to the level of persecution under the more deferential substantial evidence standard of review.") (internal quotations and alteration omitted).

2

2021) (standard of review). The record shows that the gang threatened Hernandez-Tovar because he refused to be their informant. Although Hernandez-Tovar once cited his religious belief as a reason for his not complying with the gang's order, substantial evidence supports the proposition that the gang was motivated by his refusal to be their informant, and not because of the religious reason he gave. The failure to establish any nexus between his feared persecution and his religious belief defeats both his asylum and withholding claims. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**